Steven B. Stein – SBN 52829
**THE LAW OFFICE OF STEVEN B. STEIN**
*in association with*
Thomas E. Fraysse – SBN 104436
Rebecca E. Moore – SBN 193951
Samuel J. Bristol – SBN 241979
**KNOX RICKSEN LLP**
1300 Clay Street, Suite 500
Oakland, CA 94612-1427
Telephone:   (510) 285-2500
Facsimile:   (510) 285-2505

Attorneys for Plaintiffs
MARK D. LESSLER and NANCY F. LESSLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY FLORES LESSLER and MARK D. LESSLER,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>AVI STRUGO,<br><br>　　　　　Defendants.<br>_____ / | Case No. 07 04409 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: December 4, 2007<br>Time: 10:00 a.m.<br>Location: Courtroom E |

The parties in the above-entitled action conferred and jointly submit this Case Management Statement:

## I. DESCRIPTION OF THE CASE

**1. Jurisdiction and Service:**

The basis for the court's subject matter jurisdiction in this Admiralty action is under 28 U.S.C. 1333(1). All parties have been properly served.

**2. Facts:**

On April 27, 2007, plaintiffs and defendant were operating their respective vessels on the Napa River, a navigable waterway. Plaintiffs allege that defendant operated his vessel in a

1
JOINT CASE MANAGEMENT STATEMENT

000797

negligent manner, causing a sizable and dangerous wake which when it came in contact with the vessel in which Nancy Flores Lessler was a passenger, caused her to be ejected from her seat causing significant injury. Defendant denies any negligence or wrongdoing.

**3. Legal Issues:**

The parties do not believe that there are presently any disputed points of law.

**4. Motions:**

There are no prior or pending motions before the court at this time, and at present the parties do not anticipate any motions.

**5. Amendment of Pleadings:**

Plaintiff, Mark D. Lessler, may be amending his complaint to assert a claim for injuries arising from the subject incident which is in addition to his claim for loss of consortium. If an amended complaint is filed, plaintiff stipulates that the Answer initially filed by the defendant shall stand for the amended complaint as well. Other than the above, no party expects to amend the pleadings with respect to other parties, claims, or defenses.

**6. Preservation of Evidence:**

The parties do not believe there are presently any issues of evidence preservation, but will take steps to ensure preservation of all relevant evidence.

## II. DISCLOSURES

**7. Disclosures:**

The parties stipulate that a full and timely disclosure of all relevant materials, as required by Fed. R. Civ. P. 26, will be made by December 10, 2007. Parties have already disclosed photographs and an incident report relevant to this action.

## III. DISCOVERY & CASE MANAGEMENT

**8. Discovery:**

Discovery will be conducted through written interrogatories; document production and exchange; depositions of percipient witnesses, the three persons who are parties, and other witnesses who may have knowledge of the incident. There will also be a defense medical examinations and a review of medical records by an examiner chosen by the defendant. Specific

dates by which the parties hope to conclude this discovery plan are included in paragraph 15. No formal discovery has been propounded at this time.

9. **Class Actions:**

This is not a class action.

10. **Related Cases:**

There are no related cases or proceedings pending before any other judge or court.

### IV. RELIEF SOUGHT

11. **Relief:**

Plaintiffs are seeking general monetary damages for personal injury as well as special damages.

### V. ALTERNATIVE DISPUTE RESOLUTION

12. **Settlement and ADR:**

The parties have discussed mediation and have jointly selected to engage in the mediation process offered by the court's ADR system, per ADR L.R. 6. The parties have selected a mediator for this process from the Court's ADR panel.

13. **Magistrate Judge:**

The parties have consented to the use of a Magistrate Judge for all proceedings.

**Other References:**

The parties do not believe this case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### VI. ISSUES AND SCHEDULING

14. **Narrowing of Issues:**

The parties have agreed that the issues set forth in the Complaint and Answer are sufficiently focused.

15. **Scheduling:**

The parties do not believe that an expedited schedule is necessary in this case. A tentative outline arrived at by conference between counsels for both parties shows that a trial could commence in November 2008:

| | |
|---|---|
| Initial Disclosures: | December 10, 2007 |
| Initial Mediation Date: | February 11, 2008 |
| Written Discovery Deadline: | May 30, 2008 |
| Non-expert Deposition Deadline: | May 30, 2008 |
| Expert Designations: | July 8, 2008 |
| Expert Depositions Deadline: | August 13, 2008 |
| Dispositive Motions: | September 15, 2008 |
| Pretrial Conference: | Thirty days before trial |
| Trial: | November, 2008 |

**16. Trial:**

Plaintiffs have demanded a jury trial in this case. Defendant objects to the jury demand pursuant to F.R.C.P. 38(e), under which the rules do not create a right to trial by jury in admiralty cases. The expected length of trial is five days.

## VII. DISCLOSURES

**17. Disclosures:**

Each party has filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16.

Pursuant to Civil L.R. 3-16, the plaintiffs certify that as of this date, other than the named parties, there is no such interest to report.

Pursuant to Civil L.R. 3-16, the defendant certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: November 16, 2007

KNOX RICKSEN LLP

By: _____
SAMUEL J. BRISTOL
Attorneys for Plaintiffs
NANCY and MARK LESSLER

///
///
///

| | |
|---|---|
| Dated: November 16, 2007 | BULLIVANT HOUSER BAILEY PC<br><br>By: _____<br>J. DOUGLAS DURHAM<br>Attorneys for Defendant<br>AVI STRUGO |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

*Nancy Flores Lessler, et al. v. Avi Strugo*;
USDC, Northern District, San Francisco Division, Case No. 2:05-C07-04409

      I am a citizen of the United States and am employed in Sacramento County, where this mailing occurs. My business address is 1415 L Street, Suite 1000, Sacramento, California 95814. I am over the age of 18 years and not a party to the within cause.

      On **November 19, 2007**, following ordinary business practice, I served the foregoing document(s) described as:

- **JOINT CASE MANAGEMENT STATEMENT**

in the following manner, by placing a true copy/true copies thereof in a sealed envelope/sealed envelopes, addressed as follows:

Steven B. Stein
The Law Office of Steven B. Stein
*In association with:*
Thomas E. Fraysse
Samuel J. Bristol
Knox Ricksen LLP
1300 Clay Street, Suite 500
Oakland, CA  94612-1427
Tel:     (510) 285-2500
Fax:     (510) 285-3505
[*Attorneys for Plaintiffs Nancy Flores Lessler and Mark D. Lessler*]

\_\_\_\_\_ **(BY MAIL)** I caused such envelope(s) with First Class postage thereon fully prepaid to be placed in the U.S. Mail in Sacramento, California. I am readily familiar with my employer's normal business practice for collection and processing of correspondence and other material for mailing with the United States Postal Service, and that practice is that said material is deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

\_\_\_\_\_ **(BY PERSONAL SERVICE)** I caused such envelope(s) to be hand-delivered by an authorized attorney messenger service, this date to the offices of the addressee(s).

\_\_\_\_\_ **(BY FEDERAL EXPRESS)** I caused such envelope(s) to be delivered in a sealed Federal Express package, delivery fees for which are billed to this firm's account, to a Federal Express office for next-morning delivery. I am readily familiar with the business practices of my employer for the collection and processing of correspondence for mailing with Federal Express delivery service.

\_\_\_\_\_ **(BY FACSIMILE)** I personally transmitted the aforementioned document, via facsimile machine, to each of the above listed parties' FAX numbers between the hours of 9:00 a.m. and 5:00 p.m. on _____ and received verification thereafter of each complete transmission.

**XXX** **(BY EMAIL – ESERVICE)** I caused to be served upon each party either via (1) their above email address; (2) through Lexis-Nexis Serve and File, or (3) through the court's electronic court filing system.

[ X ]  **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

EXECUTED on November 19, 2007, at Sacramento, California.

*/s/ Margie Francis*
MARGIE FRANCIS

**PROOF OF SERVICE**