Steven B. Stein – SBN 52829
**THE LAW OFFICE OF STEVEN B. STEIN**
*in association with*
Thomas E. Fraysse – SBN 104436
Samuel J. Bristol – SBN 241979
**KNOX RICKSEN LLP**
1300 Clay Street, Suite 500
Oakland, CA 94612-1427
Telephone: (510) 285-2500
Facsimile: (510) 285-2505

Attorneys for Plaintiffs
MARK D. LESSLER and NANCY F. LESSLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY FLORES LESSLER and MARK D. LESSLER,<br><br>          Plaintiffs,<br><br>vs.<br><br>AVI STRUGO,<br><br>          Defendants.<br>_____ / | **AMENDED COMPLAINT FOR DAMAGES IN ADMIRALTY**<br>[Personal Injury]<br>[Maritime Collision]<br>JURY TRIAL DEMANDED |

    Plaintiffs, NANCY FLORES LESSLER and MARK D. LESSLER, pursuant to stipulation of the parties and as permitted by the Court's Rule 26 order, amend their complaint against Defendant, AVI STRUGO, so as to add a cause of action on behalf of plaintiff, MARK. D. LESSER, for negligent infliction of emotional harm (which cause of action is subject to the previously served Answer and affirmative defenses of the defendants), and request trial by jury, as follows:

    1. This action arises under the general maritime law, in admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime case within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

1

Amended Complaint for Damages in Admiralty

2. Plaintiffs are informed and believe and thereon allege that at all times material hereto, Defendant AVI STRUGO was, is, and continues to be a United States citizen living within this Judicial District.

3. At all times material hereto, Defendant, AVI STRUGO, was the owner and operator of the cabin cruiser "True Love", and at all material times said Defendant operated said cruiser upon the navigable waters of the United States.

4. At all times material hereto, Plaintiffs, NANCY FLORES LESSLER and MARK D. LESSLER, were living within this Judicial District and were the joint owners, and MARK D. LESSLER was the operator, of a motorboat used upon the navigable waters of the United States.

5. On or about April 27, 2007, while Plaintiffs were cruising southbound on Napa River, a navigable waterway, Defendant's cruiser, the "True Love", was being operated in a northbound direction on said Napa River in a negligent and careless manner so as to create a dangerous and hazardous wake which caused severe and permanent injury to Plaintiff, NANCY FLORES LESSLER, more fully described below.

6. Said injury was caused by the sole fault of Defendant AVI STRUGO, in that said Defendant failed to use prudent seamanship or reasonable care in the operation of the "True Love", violated statutory or regulatory rules governing the movement and management of vessels, failed to comply with recognized maritime customs and usages, all of which proximately caused Plaintiffs' injuries and damages.

7. As a result of the negligence of Defendant AVI STRUGO in operating the "True Love", Plaintiff NANCY FLORES LESSLER received severe injuries to her back including but not limited to a fracture to her lower spine.

8.. As a direct and proximate result of the Defendant's negligence, Plaintiff, NANCY FLORES LESSLER was severely injured in her health, strength, and activity, sustaining injury to the body and shock and injury to the nervous system, all of which injuries have caused and continue to cause said Plaintiff great, physical, mental and nervous pain and suffering. Plaintiff MARK D. LESSER is the lawful spouse of plaintiff, NANCY FLORES LESSLER and as a result MARK D. LESSLER suffered damages in the nature of loss of marital consortium.

Amended Complaint for Damages in Admiralty

1 Plaintiffs are informed and believe and thereon allege that the severe personal injuries to
2 NANCY FLORES LESSLER will result in some level of permanent disability and loss of
3 earning capacity, all to their general damages in an amount to be ascertained.

4     9. As a further direct and proximate result of Defendants' negligence, Plaintiffs were, are,
5 and will be prevented from attending to their usual occupation and they thereby lost earnings,
6 earning capacity, and other benefits and will continue to sustain similar future losses. The total
7 amount of these losses is presently unknown to Plaintiffs at this time.

8     10. As a further direct and proximate result of Defendants' negligence, Plaintiff, NANCY
9 FLORES LESSLER required treatment by doctors, nurses and other medical personnel to
10 examine, treat, and care for her, and she has incurred and will incur medical and other expenses.
11 The amount of said expenses is unknown to Plaintiffs at this time.

12     11. As a further direct and proximate result of Defendants' negligence, Plaintiff, MARK
13 D. LESSLER suffered negligent infliction of emotional distress when he witnessed his wife
14 fracture her spine after being thrown into the air. The total amount of damages is unknown to
15 Plaintiffs at this time.

16     WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

17     1. For general damages according to proof;

18     2. For loss of earnings and earning capacity according to proof;

19     3. For medical and incidental expenses according to proof;

20     4. For prejudgment interest according to proof;

21     5. For costs of suit herein incurred and to be incurred; and

22     6. For such other and further relief as the court deems just and proper.

24 Dated: January 4, 2008                    KNOX RICKSEN LLP

26                                                    By: __/S/_____
                                                      SAMUEL J. BRISTOL
27                                                       Attorneys for Plaintiffs
                                                      NANCY F. LESSLER and
28                                                       MARK D. LESSLER

Amended Complaint for Damages in Admiralty