1  J. Douglas Durham, SBN 153476
   Lucas F. Olts, SBN 234843
2  BULLIVANT HOUSER BAILEY PC
   1415 L Street, Suite 1000
3  Sacramento, California 95814
   Telephone:    (916) 930-2500
4  Facsimile:    (916) 930-2501
   E-mail: doug.durham@bullivant.com
5  E-mail: luke.olts@bullivant.com

6  Attorneys for Defendant,
   AVI STRUGO

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11 NANCY FLORES LESSLER and MARK D.          Case No.: C07-04409
   LESSLER,
12                                            DEFENDANT AVI STRUGO'S NOTICE
                        Plaintiffs,           OF MOTION AND MOTION TO STRIKE
13                                            JURY DEMAND; MEMORANDUM OF
         vs.                                  POINTS AND AUTHORITIES;
14                                            DECLARATION OF J. DOUGLAS
   AVI STRUGO,                                DURHAM IN SUPPORT THEREOF;
15                                            AND [PROPOSED] ORDER
                        Defendant.
16                                            DATE:      May 6, 2008
                                              TIME:      9:00 a.m.
17                                            PLACE:     Crtrm E, 15th Flr

18

19       TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

20       PLEASE TAKE NOTICE that on May 6, 2008, 9:00 a.m. in Courtroom E of the

21 United States District Court, Northern District of California, San Francisco Division, Defendant

22 AVI STRUGO ("Strugo") will, and hereby does, move this Court for an order striking

23 Plaintiffs' jury demand.

24       The Motion will be made on the further grounds that (1) in Strugo's Answer to the

25 original complaint he objected to the jury demand; (2) by agreement of the parties, Strugo's

26 original Answer is deemed to be his Answer to the Amended Complaint for Damages In

27 Admiralty; (3) the sole alleged basis for this Court's jurisdiction is admiralty; (4) Rule 38(e)

28 expressly provides that the Federal Rules of Civil Procedure are not to be construed to create a

– 1 –

1 | right to trial by jury of issues in an admiralty claim; and (5) the authorities cited herein.

2 |      The Motion is based on this Notice, the attached Memorandum of Points and

3 | Authorities, the attached Declaration of J. Douglas Durham in support thereof, as well as all

4 | pleadings and records on file herein, evidence, and arguments that may be presented prior to, or

5 | at the time of, the hearing on the Motion, and all other matters of which the Court may take

6 | judicial notice.  A Proposed Order is submitted herewith.

7 |

8 | DATED:  March 5, 2008

9 |                         BULLIVANT HOUSER BAILEY PC

10 |

11 |                         By                                                                
J. Douglas Durham

12 |                           Lucas F. Olts
Attorneys for Defendant,
AVI STRUGO

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**DEFENDANT AVI STRUGO'S MOTION TO STRIKE JURY DEMAND**

1

## STATEMENT OF ISSUE TO BE DECIDED

2    The issue to be decided is whether, as a matter of law, Plaintiffs are entitled to a jury

3    trial of their admiralty action.

4    ## MEMORANDUM OF POINTS AND AUTHORITIES

5    ## I. INTRODUCTION

6    This action involves claims for personal injury arising from an incident on the navigable

7    waters of the United States. The Court's admiralty jurisdiction is the sole basis on which this

8    Court has jurisdiction over this matter.  Strugo does not challenge whether the action properly

9    falls within that jurisdiction.  There is no basis for federal question jurisdiction, no basis for

10   diversity jurisdiction, and there is no claim under a federal statute conferring the right to a jury

11   trial.  These facts are determinative of the issue presented by this motion.

12   Plaintiffs filed a jury demand with their original complaint, and demanded a trial by jury

13   in their Amended Complaint ("AC").  Strugo objected to the jury demand in his Answer based

14   on Federal Rule of Civil Procedure 38(e), which reads, in its entirety:

15   **(e) Admiralty and Maritime Claims.** These rules shall not be
     construed to create a right a right to trial by jury of the issues in an
16   admiralty or maritime claim within the meaning of Rule 9(h).

17   The Joint Case Management Statement noted this dispute in at point 16.  Defendant

18   raised the issue at the Initial Case Management Conference on December 4, 2007.  The Court's

19   Civil Minutes of that conference and its December 10, 2007 Case Management and Pretrial

20   Order both reflect the Court's order that Defendant file this motion by April 1, 2008, to be set

21   for hearing no later than May 6, 2008, the date of the next Case Management Conference.

22   The fact that this matter is brought solely under the Court's admiralty jurisdiction brings

23   the suit squarely within the scope of rule 38(e).  While Rule 38(a) preserves inviolate the right

24   to trial by jury declared in the Seventh Amendment to the Constitution, subsection 38(e)

25   preserves a long-standing exception to that right.  The authorities discussed below compel the

26   conclusions that Rule 38(e) controls the jury issue in this action, and compels the conclusion

27   that the motion must be granted.

28   ///

## II. FACTUAL BACKGROUND

Plaintiffs allege that Strugo is a United States Citizen "living" within the Northern District (AC par. 2) and that at all material times they "were living" within the Northern District (AC par. 3). Thus, this is an action between California residents, so there is no factual basis for diversity jurisdiction.

The Amended Complaint asserts claims for personal injury based on theories of negligence, negligent infliction of emotional distress, and loss of consortium. No claim is brought under any federal statute, and thus no basis exists for federal question jurisdiction.

Plaintiffs allege that they were cruising southbound in their private motorboat on the Napa River and that Strugo was operating his private cruiser in a northbound direction when the wake from his vessel caused their injuries. They do not allege a commercial vessel was involved, nor injury to a seaman in the course of his employment. Thus, there is no Jones Act claim (Merchant Marine Act of 1920, now codified at 46 U.S.C.App. § 688), or a claim under any other statute conferring a right to a jury trial.

## III. ARGUMENT

This Court's jurisdiction is based solely on the allegation that the incident transpired on the navigable waters of the United States. Plaintiffs elected to bring their action as an one "for Damages in Admiralty," alleging that it "is an admiralty and maritime case within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure" (AC par. 1). They allege no other basis for federal jurisdiction, nor do the alleged facts demonstrate one.

"There is no right to jury trial on the admiralty side of the federal court, except as provided by Congress or as required by the Supreme Court in the exercise of its supervisory power over admiralty proceedings." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2315, at 116 (2d. ed. 1995); *Simko v. C & C Marine Maintenance Co.* 594 F.2d 960, 965 (3d Cir. 1979), *cert. Denied,* 444 U.S. 833.

A.    **Rules 9(h) and 38(e) and the Right to a Jury Trial**

In *Alaska Barite Company v. Freighters Incorporated*, 54 F.R.D. 192 (N.D. Cal. 1972) this Court observed:

DEFENDANT AVI STRUGO'S MOTION TO STRIKE JURY DEMAND

1

2

3

4

5

6

Rule 9(h) was added to the Federal Rules as part of the unification of the admiralty and civil practices in 1966. The Advisory Committee Note of 1966 to subdivision (h) stated that '[I]t is no part of the purpose of unification to inject a right to jury trial into those admiralty cases in which that right is not provided by statute.' *Rule 9(h) ties into rule 38(e) where the admiralty practice of trials before the court without a jury is preserved.* The purpose of Rule 9(h) is to allow the moving party who could either bring suit under admiralty or civil law to clearly elect which form of proceeding he chooses. 54 F.R.D. 192 at 194. (Emphasis added.)

7

In *Wilmington Trust, et. al. v. United States District Court for the District of Hawaii,*

8

934 F.2d 1026 (9th Cir. 1991), the Court of Appeals discusses the background and operation of

9

Rule 9(h) in the context of a district court's order striking the counter-plaintiff's jury demand.

10

That discussion, as set forth below, is instructive on the issue presented by this motion.

11

The basis for admiralty jurisdiction is set forth in 28 U.S.C. § 1333, which states:

12

13

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

14

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

15

16

17

18

The "saving-to-suitors" clause establishes the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction *when both admiralty and non-admiralty federal jurisdiction exist. See e.g., Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines,* 369 U.S. 355, 359-60, 82 S.Ct. 780, 783-84, 7 L.Ed.2d 798 (1962). (Emphasis added)

19

20

21

22

Prior to the 1966 merger of law and admiralty, a plaintiff exercised this option by filing a claim on the admiralty side or the civil side of the federal court. *Id.* With the merger of law and admiralty, the Federal Rules of Civil Procedure advisory committee recognized the need for a mechanism to inform the court of a claimant's election to proceed in admiralty on claims cognizable both in admiralty and the court's general civil jurisdiction. Consequently, the committee noted:

23

24

25

26

Many claims, however, are cognizable by the district courts whether asserted in admiralty or in a civil action, *assuming the existence of a nonmaritime ground of jurisdiction.* Thus at present the pleader has power to determine procedural consequences by the way in which he exercises the classic privilege given by the saving-to-suitors clause (28 U.S.C. §1333) or by equivalent statutory provisions. (Emphasis added.)

******

27

28

One of the important procedural consequences is that in the civil action either party may demand a jury trial, *while in the suit in admiralty there is no right to jury trial except as provided by statute.* 934 F.2d 1026 at 1028-29. (Emphasis added.)

– 5 –

DEFENDANT AVI STRUGO'S MOTION TO STRIKE JURY DEMAND

1    Rule 38(a) states:

2        **(a) Right Preserved.** The right of trial by jury as declared by the
         Seventh Amendment to the Constitution or as given by a statute of
3        the United States shall be preserved to the parties inviolate.

4    Rule 38(a) does not obtain, however, in cases brought in admiralty or general maritime

5    law because those claims were historically tried to the court without a jury. As explained by the

6    United States District Court for the Western District of Washington in *Hughes v. The Cape*

7    *Caution,* (Not Reported in F.Supp.2d), 2003 WL 21715869 (W.D. Wash.), 2003 A.M.C. 1150, a

8    decision granting plaintiff's motion to strike defendant's jury demand:

9        Defendants have no constitutional or common law right to
         demand a jury. The Seventh Amendment preserves a party's right
10       to a jury trial as it existed at common law. *See* U.S. Const.
         Amend. VII. "Since there was no common law right to a jury trial
11       in admiralty cases, the Seventh Amendment does not apply to
         suits that invoke only a federal court's admiralty jurisdiction."
12       *Craig v. Atl. Richfield Co.*, 19 F.3d 472, 475 (9th Cir. 1994) (citing
         *Waring v. Clarke,* 46 U.S. (5 How.) 441, 460 (1847)); *see also,*
13       *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 363
         (1959) (Admiralty jurisdiction "was exercised according to the
14       historic procedure in admiralty, by a judge without a jury.");
         Fed.R.Civ.P. 9 adv. Comm.. note ("[I]n admiralty[,] there is no
15       right to jury trial except as provided by statute.").

16   Thus, Rule 38(e) embodies the continuation of centuries of the common law of admiralty

17   jurisdiction by providing that the rules "… shall not be construed to create a right to trial by jury

18   of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."[1]

19   Many of the cases discussing the jury issue concern "mixed" claims involving both

20   admiralty and another jurisdictional basis, pendant claims, or admiralty and claims under

21   statutes that confer the right to a jury. In mixed actions, a right to trial by jury may arise.

22   This is a critical distinction because this matter is brought solely under this Court's

23   admiralty jurisdiction. This is not a mixed action; there is no election to be made, and no claims

24   are brought under any federal statute. Causes of action brought under general maritime law, as

25   _____

[1] Since admiralty is the sole jurisdictional basis for this action, plaintiffs' allegation that this "is an admiralty and maritime case
26   within the meaning of Rule 9(h) …" is superfluous. "A pleader may thus designate a claim as an 'admiralty or maritime claim
     within the meaning of Rule 9(h)' to inform the court that the pleader has elected to proceed within the court's admiralty
27   jurisdiction." *Wilmington Trust*, 934 F.2d at 1029. Since there is no other jurisdictional basis for the complaint, plaintiffs have
     no election to make. See footnote 4 of the *Wilmington* decision, in which the court notes that because the counter-plaintiff's
28   action "… is a claim that can be brought only within the court's admiralty jurisdiction, a 9(h) designation was not necessary to
     apprise the district court that [counter-plaintiff] had elected to proceed in admiralty."

**DEFENDANT AVI STRUGO'S MOTION TO STRIKE JURY DEMAND**

1    are plaintiffs', do not present federal questions within the meaning of 28 U.S.C. § 1331.

2    *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 368.  Since the sole basis for this

3    Court's jurisdiction is admiralty, Rule 38(e), and centuries of precedent, preclude a jury trial.

4                              **IV. CONCLUSION**

5          Admiralty is the sole basis for the Court's jurisdiction in this matter.  Therefore,

6    plaintiffs are not entitled to a jury trial.  Defendant objected to the jury demand in his Answer to

7    both the original and amended complaints (*See*, Declaration of J. Douglas Durham submitted

8    herewith) and apprised the Court of that objection in the Joint Case Management Statement

9    served and filed on November 19, 2007.  Defendant has not waived his objection to the jury

10   demand.

11         The relevant facts and law establish that Plaintiffs are not entitled to a trial by jury.

12   Therefore, defendant respectfully requests that the Court strike the jury demand.

13         Defendant further requests that at the May 6, 2008 Case Management Conference the

14   Court modify the Case Management and Pretrial Order with respect to all provisions relating to

15   a jury trial, jury instructions, and verdict form, and substitute such provisions as the Court

16   deems appropriate for a bench trial.

17

18   DATED:  March 5, 2008

                                   BULLIVANT HOUSER BAILEY PC
19

20

21                                 By _____
                                      J. Douglas Durham
                                      Lucas F. Olts
22                                    Attorneys for Defendant,
                                      AVI STRUGO
23

24

25

26

27

28

**DEFENDANT AVI STRUGO'S MOTION TO STRIKE JURY DEMAND**

1

## DECLARATION OF J. DOUGLAS DURHAM

2      I, J. Douglas Durham, do declare and state as follows:

3      1.      I am an attorney with the law firm of Bullivant Houser Bailey PC, attorneys of

4  record for Defendant Avi Strugo in the above-captioned action.  I am duly licensed to practice

5  law in all the Courts of the State of California and Illinois, and a member in good standing of

6  the California and Illinois bars.  I have personal knowledge of the facts stated herein and if

7  called upon to testify thereto, I could and would do so competently.

8      2.      At the December 4, 2007 Case Management Conference, I raised with opposing

9  counsel the question of whether plaintiffs would agree that defendant's previously filed Answer

10 to the complaint would stand as defendant's Answer to any Amended Complaint plaintiffs

11 might file.  Counsel agreed to do so.

12     3.      On January 4, 2008, I received notice of the filing of Plaintiffs' Amended

13 Complaint.  In an e-mail exchange with attorney Sam Bristol on that same date I asked that he

14 confirm the agreement reached at the CMC.  Mr. Bristol responded by e-mail with the

15 statement: "We did agree to that at the CMC; you can consider this our confirmation that the

16 presently filed Answer is deemed to apply to the amended complaint."

17     I declare under penalty of perjury, under the laws of the State of California, that the

18 foregoing is true and correct.

19     EXECUTED on this 5th day of March, 2008, at Sacramento, California.

20

21                                          J. DOUGLAS DURHAM

22

23

24

25

26

27

28

**DEFENDANT AVI STRUGO'S MOTION TO STRIKE JURY DEMAND**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

*Nancy Flores Lessler, et al. v. Avi Strugo*;
**USDC, Northern District, San Francisco Division, Case No. 2:05-C07-04409**

     I am a citizen of the United States and am employed in Sacramento County, where this mailing occurs. My business address is 1415 L Street, Suite 1000, Sacramento, California 95814. I am over the age of 18 years and not a party to the within cause.

     On **March 5, 2008**, following ordinary business practice, I served the foregoing document(s) described as:

- **DEFENDANT AVI STRUGO'S NOTICE OF MOTION AND MOTION TO STRIKE JURY DEMAND; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF J. DOUGLAS DURHAM; [PROPOSED] ORDER**

in the following manner, by placing a true copy/true copies thereof in a sealed envelope/sealed envelopes, addressed as follows:

| | |
|---|---|
| **Thomas E. Fraysse** | **Steven B. Stein** |
| **Samuel J. Bristol** | **Levin Simes Kaiser & Gornick** |
| **Knox Ricksen LLP** | **44 Montgomery Street, 36th Floor** |
| **1300 Clay Street, Suite 500** | **San Francisco, CA 94104** |
| **Oakland, CA 94612-1427** | **Tel:    (415) 646-7171** |
| **Tel:    (510) 285-2500** | **Fax:    (415) 981-1095** |
| **Fax:    (510) 285-3505** | *[Co-Counsel for Plaintiffs Nancy Flores Lessler* |
| *[Attorneys for Plaintiffs Nancy Flores Lessler* | *and Mark D. Lessler]* |
| *and Mark D. Lessler]* | |

\_\_\_\_\_ **(BY MAIL)** I caused such envelope(s) with First Class postage thereon fully prepaid to be placed in the U.S. Mail in Sacramento, California. I am readily familiar with my employer's normal business practice for collection and processing of correspondence and other material for mailing with the United States Postal Service, and that practice is that said material is deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

\_\_\_\_\_ **(BY PERSONAL SERVICE)** I caused such envelope(s) to be hand-delivered by an authorized attorney messenger service, this date to the offices of the addressee(s).

\_\_\_\_\_ **(BY FEDERAL EXPRESS)** I caused such envelope(s) to be delivered in a sealed Federal Express package, delivery fees for which are billed to this firm's account, to a Federal Express office for next-morning delivery. I am readily familiar with the business practices of my employer for the collection and processing of correspondence for mailing with Federal Express delivery service.

\_\_\_\_\_ **(BY FACSIMILE)** I personally transmitted the aforementioned document, via facsimile machine, to each of the above listed parties' FAX numbers between the hours of 9:00 a.m. and 5:00 p.m. on _____ and received verification thereafter of each complete transmission.

**XXX** **(BY EMAIL – ESERVICE)** I caused to be served upon each party either via (1) their above email address; (2) through Lexis-Nexis Serve and File, or (3) through the court's electronic court filing system.

**[ X ]** **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

**EXECUTED** on **March 5, 2008**, at Sacramento, California.

_____
MARGIE FRANCIS

**PROOF OF SERVICE**